UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/09
```

SINORICHES GLOBAL LTD.,

                Plaintiff,

-against-

NEW OCEAN SHIPPING CO., LTD., et al.

                Defendants.

07 Civ. 5779 (RJH)

**ORDER**

On April 23, 2009, this Court dismissed Plaintiff's complaint against Multilogistics SRL with prejudice. Subsequently, on April 24, 2009, the Clerk of the Court terminated the case. In a letter dated June 9, 2009, Plaintiff's counsel stated that the case was closed erroneously because the Court had yet to make a dispositive ruling with respect to defendant New Ocean Shipping Co., Ltd. Because the case is listed as closed, the Court will treat that letter as a request to reopen the case. Plaintiff's request is denied.

Plaintiff filed its complaint in this matter more than two years ago, on June 18, 2007. That complaint requested process of maritime attachment and garnishment pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure. This Court granted that request,[1] thereby conferring personal jurisdiction over the defendants. *See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 268 (2d Cir. 2002). "The jurisdiction conferred by a maritime attachment is characterized as quasi in rem." *Id.* Quasi in rem jurisdiction "requires the presence of some item of property of the defendant in the hands of the garnishee as a basis for jurisdiction over the defendant's interest in that property."

---

[1] The Court first issued a writ of maritime attachment and garnishment as to New Ocean Shipping Co., Ltd., et al., on June 18, 2007. An amended writ was filed on January 7, 2008.

*Ythan Ltd. v. Americas Bulk Transport Ltd.*, 336 F. Supp. 2d 305, 307 (S.D.N.Y. 2004). In the year and a half since the Court issued an amended writ of maritime attachment and garnishment, Plaintiff has evidently failed to attach any assets of New Ocean Shipping Co., Ltd. Plaintiff's recent letter dated June 9, 2009 acknowledges that, "[t]o date, the defendants have not appeared in the action and we have no funds attached."

In *Arctic Ocean Int'l, Ltd. v. High Seas Shipping Ltd.*, 622 F. Supp. 2d 46, 52 (S.D.N.Y. 2009), a court in this District recently found that "eleven months of unsuccessful attempts at locating [the defendant's] funds within this district render[ed] quasi in rem jurisdiction wanting" and warranted dismissal of the plaintiff's complaint. Here, Plaintiff's failure to attach any of New Ocean Shipping's property is even more significant, lasting more than nineteen months from the date of this Court's amended order granting process of attachment and garnishment.

Consequently, this Court finds that Plaintiff's case against New Ocean Shipping Co., Ltd., which was closed on April 24, 2009, should not be reopened at this time.

SO ORDERED.

Dated: New York, New York
September **1**, 2009

Richard J. Holwell
United States District Judge

2